IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHEILA ANN HARDERSON                                                          PLAINTIFF

V.                                             NO. 14-2152

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

**O R D E R**

Plaintiff, Sheila Ann Harderson, appealed the Commissioner's denial of benefits to the Court. On September 14, 2015, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc.15). Plaintiff now moves for an award of $6,055.79 in attorney's fees and costs under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 32.3 attorney hours of work performed before the Court in 2014 and 2015, at an hourly rate of $186.00 for 2014 and $187.00 for 2015, and for $23.29 in costs. Defendant filed a response to Plaintiff's request, with no objections to the hours and hourly amount sought, stating that an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

Pursuant to 28 U.S.C. §2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security

claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required;  the novelty and difficulty of questions involved;  the skill required to handle the problems presented;  the preclusion of employment by the attorney due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time limitations imposed by the client or the circumstances;  the amount involved and the results obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case; the nature and length of the professional relationship with the client;  and awards in similar cases.  Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $186.00 for 7.6 attorney hours spent in 2014 and $187.00 for 24.7 attorney hours spent in 2015, which she asserts were devoted to the representation of Plaintiff in this Court.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under §2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI-Urban Index,  but the CPI-South Index supports an award based upon an hourly rate of $186.00 in 2014 and $187.00 in 2015.[1]  See Johnson, 919 F.2d at 505.

The Court will next address the number of hours requested by Plaintiff's counsel.

**I.   Clerical Activities:**

"'Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.'" McCarty v. Astrue, No. 4:11-CV-00022-BRW, 2012 WL 2571229 at *1 (E.D. Ark. July 2, 2012)(quoting Gough v. Apfel, 133 F.Supp. 2d 878, 881 (W.D. Va. 2001) and Missouri v. Jenkins, 491 U.S. 274, 288 n. 10

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00

(1989)); Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA).

The Court finds the following entries, which total .65 hours to be clerical in nature:

7/7/14 Receipt/Review NEF File Stamped Complaint; Receipt/Review NEF providing File Stamped IFP Motion; Receipt/Review NEF providing File Stamped Civil Cover Sheet

.15

7/21/14 Receipt/Review file Stamped Complaint; IFP, Civil Cover Sheet, and Summons for Service (mailed)

.15

8/21/14 Receipt/Review return receipt showing service on US Attorney, Commissioner, and Attorney General

.30

7/24/15 Receipt/Review NEF providing file stamped Appeal Brief

.05

See McCarty, 2012 WL 2571229 at *1 (classifying review of ECFs as clerical in nature). Therefore, Ms. Gibbons hours in 2014 are reduced by .60 hours, and her hours in 2015 are reduced by .05 hours.

## II.   Preparation of the Brief:

Plaintiff's attorney seeks reimbursement for 23.45 hours spent in 2014 (1 hour) and 2015 (22.45 hours) reviewing the 533 page transcript and preparing the appeal brief. As was found in McCarty, based on the Court's experience, "'the usual time claimed in cases involving issues that are not particularly complex or novel[] is fifteen (15) to twenty (20) hours.'" McCarty, 2013 WL 2571229 at *3 (quoting Kramer v. Apfel, 57 F.Supp.2d 774, 775 (S.D. Iowa, 1999). Plaintiff's counsel is an experienced social security attorney, and reviewing the 533 page transcript and preparing the appeal brief should not have taken her

4

more than 15 hours. The Court will therefore deduct a total of 8.45 hours for time spent in preparation of the brief (1 hour spent in 2014 and 7.45 hours spent in 2015).

Plaintiff's attorney seeks $23.29 for postage. Postage fees are not classified as costs under §1920, and are, therefore, recoverable under the EAJA as expenses. Accordingly, the Court finds that $23.29 is recoverable as an expense.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 6 attorney hours for work performed in 2014 (7.6 hours less 1.60 hour) and 17.2 attorney hours for work performed in 2015 (24.7 hours less 7.5 hours) at an hourly rate of $186.00 for 2014 and $187.00 for 2015, plus $23.29 in expenses, for a **total attorney's fee award of $4,355.69.** This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 14th day of March, 2016.

*/s/ P.K. Holmes, III*

   P. K. HOLMES, III
   CHIEF U.S. DISTRICT JUDGE